(Decided June 5th, 1863.)

## THOMAS S. SUMWALT *vs.* LOT W. RIDGELY.

In an action upon a promissory note by the payee against the maker, individually, it appeared: That the defendant as "Treasurer of St. Stephen's Church Fund," had given his note payable to blank to W, for materials and work upon said Church, the note reading, "For value received *we* prom-

Sumwalt *vs.* Ridgely.

ise to pay," &c.; that W. in the regular course of business transferred said note, before maturity, to the plaintiff, who received it with full knowledge of the transactions in which it originated, and filled the blank with his name: that before the transfer of the note, W. had agreed with the Vestry of said Church to be one of ten persons to take pews in the Church at the price of $300 each, all of whom had carried out the agreement except W. HELD:

EVIDENCE.—1st. That in the absence of proof of a want of consideration the note was admissible as evidence of the maker's individual liability.

2nd. Evidence that the note was drawn in blank, and passed by the party receiving it, in the regular course of business, to the plaintiff, who afterward inserted his own name as payee, was admissible; for the plaintiff having full knowledge of the transactions in which the note originated, such evidence could not have the effect of relieving the note in his hand from the the legal defences or equities of the maker, nor give him the rights of an endorsee before maturity, without notice of such defences or equities.

——— 3rd. Where an agent makes a promissory note to a third person, in terms sufficient to bind himself as principal, the mere addition of the word agent, or other description of his office or capacity to his signature, does not change or vary the legal effect of the promise itself.

——— WANT OF CONSIDERATION.—4th. Treating the note as a promise of the defendant, and the plaintiff as the original payee, and assuming that the note was a collateral undertaking of the maker to pay the pre-existing debt of another, which was a fact to be determined by the jury from the whole evidence in the case; the consideration stated on the face of the note was not sufficient to support the promise.

5th. In an action upon a promissory note by the payee, the maker may always prove by parol the failure or want of consideration, and if the note be given for the debt of a third party, should, under the Statute of Frauds, show on its face a good consideration moving to the maker.

——— SET-OFF.—6th. The liability of W. to the Church, on his promise to purchase a pew, could not be used to abate or set-off the claim of the plaintiff.

APPEAL from the Superior Court of Baltimore City :

This was an action instituted on the 29th day of June, A. D. 1855, by the appellee against the appellant, and ten others, describing them as vestry-men of Saint Stephen's Episcopal Church of Baltimore City. The *narr.* in addition to the common counts, contained one special count upon

a promissory note. The plaintiff filed with the *narr.* an affidavit, stating that there was due and owing to him from "The Vestry of St. Stephen's Episcopal Church, the defendants," the sum of money specified in the note annexed thereto, which was as follows:

"$742.                          BALTIMORE, *January 1st*, 1857.

Twelve months after date, we promise to pay to the order of Lot W. Ridgely, seven hundred and forty-two dollars, value received.          THOS. S. SUMWALT, Treas.
                    of St. Stephen's Epc'l Church Fund."

All the defendants appeared and pleaded the general issue with affidavit of defence. The plaintiff afterwards amended his writ and declaration by striking off the ten defendants other than Sumwalt, leaving him the sole remaining defendant. The amended *narr.* contained but one count upon the promissory note.

The evidence in the cause as set forth in the first and second exception, is stated in the opinion of this Court.

*Third Exception.* The defendant further proved by James D. McCabe, that he became Rector of St. Stephen's Church on the 1st of May 1857, and was appointed agent to make collections to pay off the Church debt, and that Sumwalt was made treasurer of the church funds; that he, witness, obtained with donations, conditional promises from various persons to take pews at a valuation of $300 each, provided ten persons would agree so to do; that nine persons having so agreed, Wilson agreed to be the tenth, that the nine complied with said agreement and paid their money, but that Wilson who had been paid all his debt but this note now sued upon, afterwards refused to comply therewith; that the agreement was to pay him his whole debt, this note included, less the amount agreed to be paid for the pew, and that the church has offered the pew and the balance of the note, but that Wilson has failed in the performance of his part of said agreement.

The plaintiff then prayed the Court to instruct the jury, that if they believed that the defendant made the note and

passed it to Wilson; that it was given in consideration of work done upon St. Stephen's Church, and that the name of the payee was left in blank; that it was passed to the plaintiff by Wilson before maturity, in due course of business, for a valuable consideration, and that the plaintiff afterwards inserted his name as payee; then the note was binding on the defendant as his individual note, and the corporate authorities of the Church were not bound.

The defendant also offered the following prayers :

1st. That the note is not the legal obligation of the defendant, and does not support the declaration.

2nd. That if the note was given for the debt of the vestry, then the plaintiff cannot recover, because there is no consideration expressed on the face of the note sufficient to gratify the requirements of the Statute of Frauds in relation to the assuming to pay the debt of another.

3rd. That if the note was given by the defendant as treasurer of the building fund of the Church, and not for his private account, then the plaintiff is not entitled to recover, if the jury shall believe the defendant was authorized as treasurer to give such note, and that the plaintiff knew it was given for the Church debt.

4th. That if the jury shall believe that the note was given in blank and transferred to the plaintiff in blank, who afterwards filled up the blank with his own name; that the plaintiff took the same on account of a previous debt due by Wilson to him, knowing that it was for work done upon the Church; that after the note was given to Wilson, the plaintiff agreed with nine others to take pews at $300 each, and that such other persons did take pews and did pay for the same; then the defendant is entitled to be credited with $300 on the note, altho' it had been transferred at the time of the agreement, unless the jury shall also believe that said Wilson had told the agent of the Church at the time of said agreement that it had been so transferred; and if the jury shall believe that the note was given by authority of the vestry, and by the defendant as

their agent for work done on the Church by Wilson, and given as their obligation, and in blank, and transferred to the plaintiff, in blank who took it with knowledge of all the facts, and that it was passed to him for a pre-existing debt, and drawn in blank that it might be so transferred; then the plaintiff is not entitled to recover.

5th. That if the note was given for the debt of the Church and not for any debt due by the defendant, it was *nudum pactum* and void for want of consideration.

6th. That if before the note was given to the plaintiff, Wilson made the agreement in reference to taking a pew, which was complied with by the vestry, and the nine others, then the defendant is entitled to a credit of $300 on the note as of the date of the agreement.

The Court below (MARTIN, J.) granted the plaintiff's prayer and rejected the several prayers of the defendant. The defendant excepted, and the verdict of the jury being for the plaintiff, appealed to this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Geo. H. Williams* and *Thos. S. Alexander,* for the appellant, argued:

1. That the note offered in evidence is the note of the church only, and not the note of the appellant, and does not support the declaration. *Byles on Bills,* 4 *Am. Ed.,* 27, note 1. *Story on Agency,* sec. 269. *Cooke vs. Sanford,* 3 *Dana.,* 237. *Johnson vs. Smith,* 21 *Conn.,* 627. *Key vs. Parnham,* 6 *H. & J.,* 418.

2. That if the note be the contract between the appellant and the appellee, parol evidence was not admissible to vary, explain or alter it; that being payee therein, the appellee could not prove by parol that he was in the condition practically of endorsee; and that the Court below erred in permitting defences exclusively belonging to an endorsee. *Rail Road Co. vs. Thompson,* 10 *Md. Rep.,* 76.

3. That as between the maker and the payee, the inquiry into the consideration was open.

4. That as between the maker and the payee here, the note was void.

(1st.) For want of consideration; (2nd.) Because it does not gratify the requisitions of the Statute of Frauds. *Fricker vs. Thomlinson,* 1 *Man. & Grang.,* 648. *Sloan vs. Wilson,* 4 *H. & J.,* 322. *Wyman vs. Gray,* 7 *H. & J.,* 409. *Elliott, vs. Giese, Id.,* 457. *Rodgers vs. Waters,* 2 *G. & J.,* 64. *Byles on Bills,* 97, 98. *Coddington vs. Bay,* 20 *Johns.,* 647, 649. *Foster vs. Jolly,* 1 *Cromp. Mees. & Ros.,* 703.

5. That it was open to the jury to find that, before the transfer of the note to the plaintiff, an agreement had been made by Wilson to take the pew, and that the plaintiff took the note with full knowledge of every fact concerning it, and if so, then it is a fraud on the defendant, and a conspiracy between plaintiff and Wilson, to make the church, or defendant, pay the money on the note by means of the transfer to plaintiff, and to get the money from those who paid for the pews on the sole condition that ten pews should be so taken.

6. That if the jury find that the plaintiff took it with full knowledge, then the note was entitled to be credited with $300, as indicated by the prayer, all which questions the Court excluded from the jury.


*Wm. Price,* for the appellee :

1. As to whether the note is that of Sumwalt, or that of the corporation by him as their agent: See *Story on Prom. Notes,* secs. 67 to 71. If it is the individual note it is not for another party, and the consideration is not to be inquired into. *Hilles vs. Bannister & Butler,* 8 *Cowen,* 33. *Barker vs. Mechan. Fire Ins. Co.,* 3 *Wend.,* 98, 99. *Leadbette vs. Farrow,* 5 *Maule. & Sel.,* 345.

2. Ridgely is not the original party, but the transferree. *Ross' Commer. Law,* 165. 82 *Law Lib.,* 121. The note

went out in blank, and this case and many others show, that a *bona fide* transferree has a right to insert his name as payee. It is like the case of a note payable to order. *Coddington vs. Bay*, 20 *Johns.*, 647. The note in this case was taken in a regular course of business and *bona fide.* Ridgely not being an original party, is not to be affected, unless he can be brought within the equities of the parties, and is entitled to the immunities and privileges of an endorsee.

3. On the questions between what parties and under what circumstances an examination can be made into the consideration of a promissory note by way of defense or in bar; see *Story on Prom. Notes, secs.* 190 to 192. It is almost an absurdity under the facts of this case to speak of the note in question as *nudum pactum.* In the case of *Wyman vs. Gray*, the Court distinguishes between cases of notes received before maturity and those received after due.

COCHRAN, J., delivered the opinion of this Court:

This suit was brought to recover the amount of a promissory note made by Thomas S. Sumwalt, "Treas. of St. Stephen's Episcopal Church Fund." The evidence contained in the 2nd exception shows, that the note in question was drawn in blank and given to J. W. Wilson & Co., in settlement of their account for materials furnished and work done for St. Stephen's Church, and that afterwards, before its maturity, it was passed by Wilson to the appellee, with whom he had previously been in partnership, in settlement of a debt found to be due to him on their dissolution. It also appears that the appellee received the note with full knowledge of the debt for which it was issued, and that he afterwards inserted his own name as payee.

The 1st exception, presenting substantially the same questions as the appellant's 1st and 3rd prayers, was taken to the admission of the note in evidence, on the ground that it was not the appellant's obligation, and for that reason did not support the declaration. The note on its face

purports to be an individual obligation founded on a consideration expressed as moving to the maker, and the terms of the promise are not such as show with any sufficient degree of certainty that it was issued for the liability of any other party. Looking at the note alone, without regard to other evidence in the case, the appellant would undoubtedly be held liable for its payment. The established rule seems to be, that an agent in making a promise for a principal, is liable on the promise, unless it be expressed in terms which show that it was made for and on behalf of the principal, and where an agent makes a promissory note to a third person in terms sufficient to bind himself as principal, the mere addition of the word agent or other description of his office or capacity, to his signature, does not change or vary the legal effect of the promise itself. *Story Prom. Notes*, 67, 68, 69. *Byles on Bills*, 27, note 1. We think, therefore, that the objection taken cannot be sustained, and that the note was properly admitted as evidence of the appellant's liability.

The 2nd exception appears to have been taken to the admission of evidence showing that the note was drawn in blank, and passed by the witness Wilson to the appellee, who afterwards inserted his own name as payee.

It is to be observed that this evidence was offered after the appellant had proved, on the cross-examination of that witness, that the note was made and delivered to him in settlement of his account for the work done for St. Stephen's Church. The real objection to the evidence excepted to is, that its effect was to extend to the appellee a protection or immunity from outstanding equities of the maker, which, as payee of the note, he was not entitled to claim.

Upon a consideration of the whole evidence contained in this exception, we think the objection is more technical than substantial, for on the proof that the note was passed to and received by the appellee, with full knowledge on his part of the transaction in which it originated, he would of necessity take it subject to the equities and defences of

the maker, even if he had taken the note by endorsement and held it as endorsee.

The evidence objected to could not have the effect of relieving the note in his hands from the legal defences or the equities of the maker, nor give to him the rights that an endorsee would have had by receiving the note before maturity, without notice of such defences or equities.

In our opinion the objection made to the admission of this evidence was properly overruled. The material questions in the case are presented by the 3rd bill of exceptions. The evidence to which we have referred, shows that the note was issued by the appellant for a debt due by St. Stephen's Church for materials furnished and work done on its account, and that the appellee knowing that fact received it in payment of a pre-existing debt. The instruction granted by the Court, proceeds on the theory that the appellee's right to recover was not affected by that information. As we have before stated, the appellee in receiving the note with full knowledge of its origin and character, took it with the same infirmities and subject to such disabilities as would have existed had he been the original creditor of the Church for whose debt the note was issued. In view of the evidence showing the character of the note, and the appellee's knowledge of it, we think the instruction granted did not cover the case presented, and that it was erroneous, because the jury were not required to find, as one of the facts necessary to support it, that the appellee received the note without notice of the consideration for which it was given. Treating the note as a promise of the appellant, and the appellee, from his knowledge of the debt for which it was issued, as the original payee, the question as to the sufficiency of the consideration is then presented. The validity of every parol contract, whether verbal or written, depends on the fact of a sufficient legal consideration, and that of a promissory note in the hands of a payee, or of an endorsee after maturity, or before maturity with notice of the real consideration, is always open to inquiry.

Assuming that the note in question was a collateral un-dertaking of the maker to pay a pre-existing debt of the church, it is clear that the consideration stated was not sufficient to support the promise, and that the appellant would not be liable upon it.    The question whether the note was given for that debt, was not for the Court how-ever, but one of fact, "to be determined by the jury from the whole evidence in the case."    We do not see that this case is distinguishable in principle from that of *Wyman vs. Gray,* 7 *H. & J.,* 409, in which it was held that in an ac-tion upon a promissory note by a payee, the maker may always prove by parol the failure or want of consideration, and that the note if given for the debt of a third party should, under the Statute of Frauds, show on its face a good consideration moving to the maker.    Competent evi-dence was offered from which the jury might not only have found that the note in question was given for a pre-exist-ing debt of the Church, without any further or other con-sideration, but that the appellee was fully informed of those facts when he received the note.    Had the instruc-tions sought by the appellant's 2nd and 5th prayers been asked on the finding of all these facts, they might have been granted, but as these prayers did not leave the ques-tion of the appellee's knowledge of the real consideration to the jury, we think there was no error in refusing them. The 4th and 6th prayers, we think, were also properly re-fused.    We have said in our consideration of the 1st excep-tion, that the note on its face purports to be the individual obligation of the maker, and that he would be bound for its payment on the assumption that there was no evidence of a want of consideration by which it would be avoided. On that hypothesis, we cannot see how the liability of Wilson to the Church, on his promise to purchase a pew, could be offered to abate or set-off the claim of the appel-lee; for if the note was given for the debt of the Church, without any other consideration, it was void, and if given for some other sufficient consideration in addition to that

debt, the liability of the appellant for its payment could not be affected by proof of Wilson's engagements or promises to other parties.

The judgment will be reversed, with leave to the appellee to take a procedendo.

> *Judgment reversed, with leave to*
> *appellee to take out a procedendo.*