WILLIAM M. NEALE, Administrator c. t. a. of MAR-
GARETHA BURGER *vs.* JOHANNA HERMANNS, by
her Husband and next friend, LEWIS HERMANNS.

*Married woman—Sec. 7, of Art. 45 of the Code—Earnings of*
*Wife—Evidence—Code—Evidence Acts—Prochein ami—*
*Administrator—Entry of Judgments under sec. 21, of Art.*
*29 of the Code.*

Where a married woman brings an action, by her husband as next
friend, for the recovery of money due as the earnings of her work
or labor, and which under section 7, of Article 45, of the Code, is
secured to her "sole and separate use," the plaintiff, in order to
recover, must show that she rendered the services sued for, as an
independent person, on her own account, and not conjointly with
her husband or for his benefit.

Where the suit is brought against the administrator of the person to
whom the services were rendered, the husband, as next friend,
being merely a nominal party, is a competent witness under the
Evidence Acts.

The twenty-first section of Article 29 of the Code, provides, "that in
any suit against an administrator, the Court shall enter judgment
against the defendant for the penalty of the bond, or *damages* laid
in the plaintiff's declaration and costs of suit, if the Court shall
so direct, to be released upon payment of the sum ascertained to
be paid by the verdict." HELD:

1st. That it is error to enter judgment for the penalty of the bond when
the bond is not in suit.

2nd. That if the bond is in suit the judgment must be for the penalty
of it; and if not, then for the *damages* laid in the declaration, to
be released on payment of the amount of the verdict.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, RITCHIE, and BRYAN, J.

*Thomas G. Hayes,* for the appellant.

*Benjamin Kurtz,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This suit was brought by Johanna Hermanns, by her husband and next friend Lewis Hermanns, against the appellant, administrator *c. t. a.* of Margaretha Burger, deceased. The declaration contains the money counts for goods bargained and sold; work and material provided; for money lent; for money paid for decedent; for money had and received by decedent to plaintiff's use; and for money found to be due on accounts stated between them; and also a special count for washing and ironing done by the plaintiff for the deceased, and for services as nurse and attendant from 1st of October, 1872, to 31st of March, 1884. Appended to the *narr.* is an account in which plaintiff claims from 1st of October, 1872, to April 16th, 1880, eighty-two weeks, at two dollars per week; and from April 16th, 1880, to 31st March, 1884, two hundred and ten weeks, at five dollars per week.

The seventh section of Article 45 of the Code says, "any married woman, who by her skill, industry and personal labor shall earn any money or other property, real, personal or mixed, shall hold the same, and the fruits, increase and profits thereof, to her sole and separate use, with power as a *féme sole* to invest, and re-invest, and sell and dispose of the same." At common law the husband is unqualifiedly entitled to his wife's services, and the profits of her labor. By this section of the Code a married woman may engage in business independently of her husband, or may, apart from him, do any kind of work or labor on her own account and for her separate benefit, so that the proceeds of

her business, and the wages of her labor shall become her " sole and separate property." For the recovery and protection of such property she may, by other provisions of the Code sue by next friend. This suit proceeds on the theory that what is claimed is due to the wife as separate property, and the suit is brought by the husband as next friend. To recover, the plaintiff must show, that she was rendering the service sued for as an independent person, on her own account, and not conjointly with, or for her husband's benefit.

The first exception is to the admission of evidence, which it is claimed has no tendency to establish the plaintiff's claim.

Issues have been joined upon pleas that the defendant was never indebted, and that the decedent was never indebted, and never promised as alleged; that the action did not accrue within three years before suit brought; and that the assets of the estate are not sufficient to pay all the decedent's debts in full. To be admissible the testimony must tend to prove some one of these issues. The witness is Lewis Hermanns, (the plaintiff's next friend and husband.) Being merely the next friend, he was "a nominal party only" to this suit, and competent under the Evidence Acts. The question is, do his statements tend to sustain the claim as made, or any of the issues framed. Hermanns states that *he* rented the house from Mrs. Burger, the defendant's testator, at thirteen dollars per month, and that Mrs. Burger was to move out and give *him* possession of the whole house; but that she did not move out, and afterward agreed to pay *him* four dollars per month for the rooms she retained. He further states that *he* paid *her* the rent for the whole house, and for two months she paid *him* for the rooms occupied by her; then she was taken sick, and when he went to pay the rent "she tell us she would pay us for good and well if we take care of her; I let the rent slip." It is evident that this testi-

Neale, &c. *vs.* Hermanns.

mony can have no bearing on any of the issues unless it be the indebtedness; and we think it plain, that it does not tend to show, that Mrs. Burger contracted with the wife to do any thing for her, or that the wife did render any service for her on her own account and independently of the husband. It tends to show that Mrs. Burger was to receive full pay for house rent, and was to remain in it and be cared for by witness and somebody else, and that she promised witness to pay them well for such attention. It may be assumed that by "we" and "us" in his statement he means himself and his wife. According to this evidence he was furnishing a home and shelter for Mrs. Burger at his cost, and certain care and attention were to be rendered for which he says she said she "would pay us." It was the husband's right that the wife should work with and for him, and it was natural that she should, and if she did he was entitled to pay. In such case there is no division of proceeds as between partners in business. It was lawful for the wife to engage in labor for her own benefit and independent of her husband, if she chose; but unless she did do so, and intended the proceeds for her own separate use, the husband was entitled to the profits of her labor. This is certainly the common law rule. 1 *Chitty's Pleading*, 30, and authorities there cited. If the wife desires to bring herself within the exception and provisions of the seventh section of Article forty-five of the Code, the evidence must be such as to bring her strictly within its meaning and protection. *Flynn vs. Walsh,* October Term, 1885. This seventh section certainly did not intend to divorce husband and wife, whether they would have it so or not, and to make all that the wife did enure to her own use only without any regard for the husband's rights. From their relation as husband and wife she is personally working for him and in his interest; though she has the privilege, if she wishes, to work for herself. Circumstances should show that she had so elected. Nothing in the evidence of Hermanns tends

to show that his wife was to be paid for the service to be rendered in her own right. If he meant by "we" and "us" himself and his wife, as we suppose he did, then it was a joint service that was to be paid for, and the promise was to pay accordingly and the husband would be entitled and not the wife in her own and separate right. Upon *this* evidence, if true, certainly, if the wife were dead, the husband could recover in his own right; whereas if what was due belonged to the wife as separate property, his absolute right to it would depend on her having died without children. There would, therefore, seem to be no doubt, that the testimony of Hermanns did not tend to support any of the issues as made, and there was error in admitting it.

This exception embodies another ruling of the Court adverse to the appellant, of which he complains; but as it was the exclusion of certain evidence intended to discredit Hermanns, our exclusion of *all* that Hermanns said as included in this exception, renders that ruling wholly unimportant, and we need not consider it. As to the second exception it is only necessary to say, that, the defendant being administrator and a party to the suit, he was clearly incompetent as a witness, under the express language of the Evidence Acts of 1864 and 1868. The ruling of the Court upon that question was clearly right.

Under the view we take of the case upon the first exception it becomes entirely needless to consider the question raised as to the power of the Court to amend the bill of exceptions after the same has been signed and filed. The amendment did not prejudice the plaintiff's case in any degree. Having suffered no injury by it, it is rendered immaterial, and we express no opinion upon it.

The record shows that the judgment in this case was not properly entered, and it is proper that we should notice it in the interest of correct practice, although it is not before us regularly for review. It is entered for the

penalty of the bond, whereas no bond was in suit. The twenty-first section of Article 29 of the Code, provides that in any suit against an administrator "the Court shall enter judgment against the defendant for the penalty of the bond or *damages* laid in the plaintiff's declaration and costs of suit, if the Court shall so direct, to be released upon payment of the sum ascertained to be paid by the verdict, &c." If the bond is in suit, then the judgment is for the penalty of it, and if not, then for the *damages* laid in the declaration, to be released on payment of amount of the verdict.

> *Judgment reversed, and*
> *cause remanded for new trial.*

