ELIZABETH POFFENBERGER, by her husband and next friend, OTHO J. POFFENBERGER *vs.* LAWSON W. POFFENBERGER, Ex'r of JOSEPH POFFENBERGER.

*Husband and Wife—Separate earnings of the Wife, under section 7 of Article 45 of the Code—Evidence.*

A *féme covert* by her husband, as next friend, sued an executor under Article 45, section 7, of the Code, to recover compensation for services rendered the defendant's testator.  The claim consisted of two items, washing and nursing.  The evidence on which the plaintiff relied to show that in rendering the services performed by her as nurse she had elected to act as an independent person, was (1) that the plaintiff did the washing on her own account; (2) that her husband did not claim compensation for the services rendered by his wife; (3) that according to the evidence of the husband, he allowed his wife to do business on her own account, and that she sold butter and eggs, and did marketing as an independent person; (4) that the husband, being then asked the following question: "How about the nursing?" replied, "the nursing she did on her own account."  HELD:

1st. That the jury were properly instructed that there was no legally sufficient evidence in the case to entitle the plaintiff to recover for the nursing.

2nd. That the evidence relied on to establish the plaintiff's claim for nursing, related either to the washing, for which she had recovered all that she was entitled to, or consisted of the opinions of the husband, which were inadmissible.

Article 45, section 7, of the Code, provides that "any married woman, who by her skill, industry, or personal labor, shall earn any money, or other property, real, personal, or mixed, shall hold the same, and the fruits, increase, and profits thereof, to her sole and separate use."  HELD:

That to bring the wife within this provision, the evidence must be such as to bring her strictly within its meaning and protection, and show that she had elected to work for herself, and independent of her husband.

21          v. 72.

Poffenberger *vs.* Poffenberger, Ex'r.

APPEAL from the Circuit Court for Washington County.

This suit was brought under section 7 of Article 45 of the Code, which provides "that any married woman, who, by her skill, industry, or personal labor, shall earn any money, or other property, real, personal, or mixed, shall hold the same, and the fruits, increase, and profits thereof, to her sole and separate use." The case is stated in the opinion of the Court.

*First, Second* and *Third Exceptions* were not passed on by the Court.

*Fourth Exception.*—At the trial the plaintiff offered two prayers, and the defendant five, all of which the Court (HOFFMAN, J.) rejected, and gave the following instructions of its own:

1. The jury is instructed by the Court that there is no legally sufficient evidence in this case to entitle the plaintiff to a verdict for service in dressing foot and attention to defendant's testator.

2. The jury is further instructed that as to the item in the account for washing, they may find such sum or amount for the same as they consider it was reasonably worth, unless they should further find that there was a contract between the defendant's testator and the plaintiff, that the amount to be paid therefor was one dollar and a half per month, in which case they will allow the contract price, less the credits, if any, which they may find for the testator's administrator.

The plaintiff excepted, and, the verdict and judgment being for less than the amount claimed, took this appeal.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

Poffenberger *vs.* Poffenberger, Ex'r.

*J. Clarence Lane,* and *H. H. Keedy,* for the appellant.

*Hy. Kyd Douglas,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is a suit brought by Elizabeth Poffenberger, by her husband as next friend, against Lawson Poffenberger, executor of Joseph Poffenberger, to recover compensation for services she claims to have rendered to defendant's testator. The claim of the plaintiff consists of two principal items, namely, washing and nursing. Under the second instruction of the Court, the jury gave the plaintiff the full amount of her claim for washing, less some credits for payments made on that account, as shown by the entries in a small book kept by the testator in his life-time. And we do not understand that the plaintiff claims she was entitled to more compensation for washing than the sum she recovered. And there being no appeal here on the part of the defendant, the only question is as to the right of the plaintiff to recover in this action for services alleged to have been rendered by her in nursing defendant's testator.

During the course of the trial below, the plaintiff took four exceptions, three of them to the exclusion of evidence, and one to the ruling of the Court on the prayers. The last exception is the only one that it will be necessary to consider, for the testimony, the exclusion of which forms the first and second bills of exception, was subsequently admitted, and went to the jury for what it was worth, until the Court instructed the jury that there was no legally sufficient testimony in the case to entitle the plaintiff to recover. The propriety of this instruction, and of the ruling of the Court generally upon the prayers, form the subject of the fourth bill of exceptions.

And before passing on this action of the Court below, we will ascertain what kind of testimony it is necessary

for the plaintiff to furnish in order to maintain her right to recover.

Many cases in other States were referred to and relied upon in the argument, but the law applicable to suits like this has been so fully, clearly and recently laid down by this Court in the case of *Neale, &c. vs. Hermanns,* 65 *Md.,* 477, that it would be useless to refer in this opinion to any other cases. In the case just mentioned, Judge Irving delivering the opinion of the Court, says : " It was the husband's right that the wife should work with and for him, * * and, if she did, *he* was entitled to compensation. * * * It was lawful for the wife to engage in labor for her own benefit, and independent of her husband, if she chose ; but unless she did so, and *intended* the proceeds for her own separate use, *the husband was entitled to the profits of her labor.* This is certainly the common law rule. 1 *Chitty's Pleading,* 30, and authorities there cited. If the wife desires to bring herself within the exception and provisions of the seventh section of Article 45 of the Code, *the evidence must be such as to bring her strictly within its meaning and protection. Flynn vs. Walsh, October Term,* 1885. This seventh section certainly did not intend to divorce husband and wife whether they would have it so or not, and to make all the wife did enure to her own use only. * * * From their relation as husband and wife, she is personally working for him and in his interest, though she has the privilege, if she wishes, to work for herself. *Circumstances should show that she had so elected.* "

Now, what are the circumstances in this case which are relied upon by the plaintiff to show that she had elected, when she was nursing the invalid uncle of her husband, to act as an independent person—to set herself up in the independent business of nursing ?

1. That the plaintiff did *the washing* on her own account;

2. That her husband did not claim compensation for the services rendered by his wife;

3. That, according to the evidence of the husband, he allowed his wife to do business on her own account, and that she sold butter and eggs and did marketing as an independent person ; and 4, as if to show that none of the foregoing facts related to the nursing, counsel for the plaintiff asked the husband the following question: "How about the nursing?" which he answered by saying: "The nursing she did on her own account."

In all of this we can see nothing which comes up to the requirements of the strict rule laid down by this Court in the case just mentioned, and we are of opinion that the jury were correctly instructed by the Court below that there was no legally sufficient evidence in the case to entitle the plaintiff to recover. The evidence relied upon to establish the plaintiff's claim for nursing related either to the washing, for which she has recovered all she is entitled to, or consisted of the opinions of the husband, which are equally inadmissible.

*Judgment affirmed.*

(Decided 18th June, 1890.)