CORA V. NEUDECKER

*vs.*

SARAH A. LEISTER, Executrix of Sarah A. Noll.

*Services to decedent: when not presumed to have been gratui-*
*tous; promises of compensation by provisions in will.*
*Maried woman: right to maintain suit in own*
*name; Code, Art. 45, sec. 5.*

Where an aged aunt has promised to provide in her will for
the compensation for her board and lodging with a niece and
for services rendered by her, it was: *Held,* that where the niece
boarded her, gave her lodging and such services as she required,
the relationship of the parties was not such as to raise any
presumption that such services should be gratuitous, and that
the niece was entitled to recover the value therefor from her
aunt's estate, although the aunt had failed to make any provi-
sion by her will for such compensation.                    p. 575

The niece was a married woman, but it was, *held,* that under
the circumstances of the case and the provisions of section 5
of Article 45 of the Code, she should be permitted to maintain
the suit for the board and for the services rendered.    ˙p. 573

*Decided April 4th, 1918.*

Appeal from the Circuit Court of Carroll County. (Moss,
J.)

572 NEUDECKER *vs.* LEISTER.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Guy W. Steele,* for the appellant.

*Francis Neal Parke* (with whom was *Ivan L. Hoff* and *James A. C. Bond* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant, Cora V. Neudecker, brought this suit against the appellee, as the executrix of the will of Sarah A. Noll, deceased, to recover $407.10 for board and lodging furnished, and personal services rendered, to the decedent in her lifetime, during the period of three months in the year 1912, and about one year and ten months from September 7, 1913, to July 26, 1915, at the rate of eighteen dollars per month. It is stated in the declaration, and in the open account therewith filed, that the accommodations and attentions sued for were provided in pursuance of an agreement that the plaintiff should be compensated therefor by the defendant's testatrix in her will, but that she died without making such compensation by will or in any other manner. The case was withdrawn from the jury on the ground that there was no legally sufficient evidence to sustain the plaintiff's claim. The only exception in the Record questions the propriety of that ruling.

There is no dispute in the evidence that the board, lodging and services for which the plaintiff is suing were actually furnished and rendered to the extent and value claimed, but recovery was successfully resisted on the theory that these provisions for the support and comfort of the decedent were in fact made gratuitously, and that her failure to make an expected disposition in the plaintiff's favor by will is not an

adequate legal basis upon which the present suit may be maintained.

The Record shows that the decedent, Sarah A. Noll, was a widow without children, and had four nieces, one of whom was Mrs. Neudecker, the plaintiff, and there is evidence to the effect that prior to the first of the periods to which the account in suit refers she told the plaintiff that she would divide her estate among the nieces if they would keep her during her life. There were subsequent statements by Mrs. Noll to the plaintiff that she could not pay at the time for what was being done for her but that she would give the plaintiff something by her will. The other nieces were Mrs. Leister, Mrs. Basler and Mrs. Close. Each of the four nieces was substantially remembered by a will executed by Mrs. Noll in 1911. From that time until her death in November, 1915, she lived alternately with Mrs. Basler, Mrs. Neudecker and Mrs. Leister. In 1913 she made a will giving her estate to those three nieces, but by her last will dated July 31, 1915, she gave her property wholly to Mrs. Leister, with whom she was then living. The proof is that during the periods of Mrs. Noll's sojourn in Mrs. Neudecker's home she was "treated as one of the family," but she "never helped around the house or did any kind of work" except that "occasionally she might have made up her bed." She was about eighty years of age when she went to the home of Mrs. Neudecker in 1912. While she remained there, during both of the periods mentioned, she received, in addition to her board and lodging, the benefit of the services of Mrs. Neudecker and other members of the family in doing her laundry work, sweeping her room, waiting on her and giving her whatever attention she needed.

It does not seem to us that the services thus rendered should be regarded as presumptively gratuitous. The kinship of Mrs. Neudecker to her aunt was not sufficiently close to create of itself such a presumption. This was expressly decided in the case of *Bowie* v. *Maught,* 76 Md. 440, where

a niece was suing for personal care and attention bestowed upon her invalid aunt, who was a boarder in the home of the plaintiff's mother, and where it was said, in the opinion by CHIEF JUDGE ALVEY: "It is not to be inferred, simply from the relation that existed in this case between the parties, that the services were intended to be gratuitous, and were rendered with a view to no compensation." It is true that even in the case of a more remote kinship, or as between persons not related in blood or by marriage, the inference that particular services were intended to be gratuitous may arise when the domestic associations of the parties involve the usual incidents of family relationship. *Pearre* v. *Smith,* 110 Md. 531; *Harper* v. *Davis,* 115 Md. 349; *Elosser* v. *Fletcher,* 126 Md. 244. But, except where the natural or actual relations of persons as members of the same family are such as to raise the presumption that their services were designed or understood to be gratuitous, "the law implies a promise to pay for services rendered and accepted, and the burden is on the party resisting the payment to show that no charge was to be made, if the rendition and acceptance of the services are proven." *Marx* v. *Marx,* 127 Md. 373; *Harper* v. *Davis, supra; Wallace* v. *Schawb,* 81 Md. 598; *Gill* v. *Staylor,* 97 Md. 665; *Bixler* v. *Sellman,* 77 Md. 496.

In this case it appears that an aged aunt, after proposing that she would divide her estate among her four nieces if they would keep her during the remainder of her life, was received and cared for alternately by the plaintiff and two of the other nieces until the time of her death. The circumstances of her admission to the plaintiff's home, and the conditions under which she lived during the periods which she selected for her sojourn there, were not such, in our opinion, as to justify a conclusion, as a matter of law, that the care and attention thus received by the aunt were to be provided without compensation. There was a distinct promise in advance by the aunt to the definite effect that she would bequeath a due proportion of her estate to the plain-

tiff in consideration of the services and accommodations
which the latter in fact subsequently rendered and furnished
as required.   The position accorded the aunt in the plaintiff's
home was thoroughly consistent with the theory that both
expected compensation to be made in the manner and to the
extent which the aunt had proposed.   The mere fact that
the aunt failed to make the promised division of her estate
among the nieces who kept her in accordance with her re-
quest, but left all her property to the niece with whom she
was living at the time of her death, does not affect the plain-
tiff's right to recover the fair value of the services performed
and accepted under the circumstances described.

In *Hamilton* v. *Thirston,* 93 Md. 213, an uncle had agreed
by parole to give his nephew by will a portion of his estate
equal to that of any of his children, if the nephew would
render certain services as requested during the remainder of
the uncle's life.   The nephew performed the desired services,
but the uncle died without making the promised provision
for the nephew by will or otherwise.   In an action at law
brought by the nephew to recover a portion of the uncle's
estate according to the terms of the agreement referred to,
it was held that while no recovery could be allowed on the
parole contract, because it was within the operation of the
Statute of Frauds, yet the plaintiff was entitled to sue for
the value of his services rendered in pursuance of the uncle's
proposal.   This just principle is appropriate to the facts of
the present case.

It has been argued that, if a right of recovery be assumed,
it can only be asserted by the plaintiff's husband.   This con-
tention is based upon the theory that the husband is entitled
to the benefit of his wife's services, and that she can not
recover for them without proving that they were rendered by
her as an independent person on her own account in accord-
ance with an understanding between herself and her hus-
band to that effect.   In support of this view the appellee
cites the cases of *Neale* v. *Hermanns,* 65 Md. 474; *Poffen-*

*berger* v. *Poffenberger,* 72 Md. 321; *Baker* v. *Hedrich,* 85 Md. 661 and *Herman* v. *Oehrl,* 116 Md. 512. Those cases were quite different in their facts from the case now being considered. In none of the cases just cited were the services of the wife rendered with her husband's consent for a promised consideration which it was expressly proposed · and mutually understood that she should separately receive. Such an understanding is one of the distinctive features of the case at bar. In our judgment the wife should be permitted to maintain the suit, under the circumstances proven, and in view of the provision of Article 45, section 5 of the Code, that "married women shall have power to engage in any business, and to contract, whether engaged in business or not, and to sue upon their contracts, and also to sue for the recovery, security or protection of, their property, and for torts committed against them, as fully as if they were unmarried."

*Judgment reversed and new trial awarded.*