Thomas H. Standford, Jr. *vs.* Benjamin F. Horwitz, Administrator of David Davis.

*Act of 1876, ch. 222—Competency of Witnesses—Where one of the two original parties to a contract is dead, the other surviving cannot testify on his own offer in an action on the contract.*

Thomas H. Standford, Senior, executed a mortgage of certain leasehold property and passed to the mortgagee certain promissory notes signed by himself of even date therewith, to secure the payment of a certain debt   Upon the death of the mortgagee, his administrator, the appellee, foreclosed the mortgage, and to the auditor's report distributing the proceeds of sale exceptions were filed by the appellant, on the ground that the mortgage was tainted with usury.  The only evidence offered to sustain the charge of usury was that of Thomas H. Standford, Senior, who admitted that he had executed the mortgage and signed the notes with his own name, though as the agent of the appellant.  The auditor declined to accept this evidence on the ground that the witness was incompetent, the mortgagee being dead.  The exceptions were accordingly overruled.  Held :

1st. That the witness was incompetent to testify, the mortgagee being dead.

2nd. That in an action on a promissory note by the payee, the maker may always prove by parol the failure or want of consideration, and if the note be given for the debt of a third party it should, under the Statute of Frauds, show on its face a good consideration moving to the maker, and it may be proved to have been given for the pre-existing debt of another.  But none of these facts can be proved by the maker in a case where the payee in the note is dead and suit is brought by his administrator.

Appeal from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C.. J., BRENT, GRASON, MILLER and ALVEY, J.

*T. Alexander Seth,* for the appellant.

The appellee is estopped from denying that the mortgage debt was the debt of Thomas H. Standford, *Junior.* Not only have we the solemn recitals of the deed, but the more solemn *affidavit* of his intestate.   2 *Washburn R. P.,* 469 ; *Shep. Touch.,* (*Prest. Ed.,*) 53 ; *Comstock vs. Smith,* 13 *Pick.,* 116.

As the notes only evidenced the debt, they were, as between the original parties, the notes of the principal, although signed in the name of the agent without words showing that he acted as agent; as it must have been known to the said Davis that Standford, *Senior,* was acting as agent.   *Sumwalt vs. Ridgely,* 20 *Md* , 114 ; *Haile vs. Peirce,* 32 *Md.,* 332.

If they were the notes of Standford, *Senior,* they were not the notes of Standford, *Junior,* and there was a failure of consideration for the execution of the mortgage, and under the Statute of Frauds it was void.   *Brown on Stat. Frauds,* 387 *to* 408 ; *Frank vs. Miller,* 38 *Md.,* 450.

It is true that this mortgage is a contract under seal which imports a consideration where none is expressed. The consideration is clearly expressed to be the indebtedness of appellant to appellee.   If the appellee is allowed to show by parol that this was not the consideration— simply to deprive appellant of the testimony of the only witness who knows the facts—the appellant should not be estopped from denying a total failure of consideration because the instrument happens to be sealed, especially in the face of the evidence that it is not his seal.   If the seal or the signature to the mortgage is not the signing and sealing of the appellant, the purchaser under these proceedings acquires no title, and the sale should be rescinded, but if the signature and seal are those of the appellant,

they were thus solemnly attached because of the recital that the mortgage was to secure the notes of appellant, and not of his father. The appellant has never promised to pay the debt of his father, and would not have so promised.

There is no evidence that Standford, *Senior*, acted other than as the agent of his son ; and this Court has expressly decided that an agent can testify under the Act of 1868, chapter 116, of which the Act of 1876, chapter 222, is a copy—so far as it applies to the question now before the Court. *Spencer vs. Trafford,* 42 *Md.,* 1; *Jones vs. Jones,* 36 *Md.,* 457; *Johnson vs. Heald,* 33 *Md.,* 352.

The evidence under the remanded commission, so far as it is the simple identification of a paper that had in no way been referred to in the previous examination, was admissible, and clearly proved the agency. *Trustees of German Lutheran Church vs. Heise, et al ,* 44 *Md.,* 455.

The Court erred in refusing to act on or grant appellant's petition of 7th December, 1877, because as the appellant's property was being used to pay certain promissory notes, he had a right to ask their production for cancellation, else he might still be sued thereon, by any one in whose hands they have come, for a bona fide consideration ; and the appellee is estopped from denying that such notes are outstanding. *Boyd vs. Parker,* 43 *Md.,* 201.

After the Court had decided that the notes were the notes of Standford, *Senior*, and the debt his debt, it erred in ratifying the auditor's account, which charges the appellant with $151.62, balance due on mortgage debt. For conceding for the argument that Standford, *Junior,* pledged his property for his father's debt, he did not promise to pay any balance after the fund arising from the sale of the pledged property had been exhausted.

*Benjamin F. Horwitz,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The record in this case shows that on the 14th of August, 1867, a mortgage of leasehold property was executed, (as appears on its face,) by Thomas H. Standford, *Junior*, to David Davis, to secure the sum of $1680 and interest. The mortgage is in the usual form, reciting an indebtedness for this sum, and that for this amount " the said Standford has passed his promissory note unto said Davis bearing even date with this instrument and payable three years after date, and also three interest notes of like date, each for the sum of $90, and payable respectively in one, two and three years from date." In May, 1877, after the death of the mortgagee, his *administrator* procured the passage of a decree for the sale of the mortgaged property, in accordance with the assent clause contained in the mortgage. The property was sold, and the auditor stated an account distributing the proceeds in payment of costs, commissions and the expenses of the sale, and then applied the residue to the payment in part of the mortgage debt, leaving a balance of $151.60 still due thereon. To the ratification of this account, Thomas H. Standford, *Junior*, filed exceptions, alleging in substance that the transaction was tainted with usury, and asked that the case be again referred to the auditor, with power to take testimony to sustain this objection, and the Court accordingly passed an order to that effect.

On taking this testimony before the auditor, the exceptant proved by his father, Thomas H. Standford, *Senior*, certain facts tending to sustain the charge of usury. It was supposed this witness was competent so to testify even as against the *administrator* of the deceased mortgagee, because he had been the mere agent of his son in negotiating the loan, and executing the notes to secure which the mortgage was given. But on cross-examination, he admitted that the signature to the note *for the principal sum* secured by the mortgage, as well as to the three origi-

nal interest notes, *was his own*, and the only question in the case is, was he, in view of this admission, a competent witness to prove the facts he offered to prove, the mortgagee and *payee* in the notes being dead ; and we are very clearly of opinion he is not so competent. Our Evidence laws, as construed by this Court, provide that when one party to a contract or cause of action is dead, the other party shall not be allowed, on his own offer, to testify in respect thereto. He cannot by his own testimony establish a contract in his favor against a deceased party, nor can he by such testimony assail one upon which he is *prima facie* liable to the deceased. It is too plain for argument that the purpose as well as the effect of the testimony of this witness was to assail, in part at least, the consideration of the note for $1680, in favor of the deceased, which he admitted he signed as maker, and which on its face does not disclose any agency on his part. Upon the face of the note he is undoubtedly liable to the payee therein, and he cannot escape the liability by showing that he in fact signed it as agent for his son. This proposition was fully discussed and settled in the case of *Higgins vs. Senior*, 8 *Mees. & Wells.*, 834. The question in that case was whether in an action on an agreement in writing, purporting on the face of it to be made by the defendant, and subscribed by him, for the sale and delivery by him of goods above the value of £10, it is competent for the defendant to discharge himself on an issue on the plea of *non assumpsit*, by proving that the agreement was really made by him by the authority of and as agent for a third person, and that the plaintiff knew these facts at the time when the agreement was made and signed, and upon full consideration the Court held that it was not, and it was said by PARKE, B., "there is no doubt that where such an agreement is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in

making the contract, so as to give the benefit of the contract on the one hand to, and charge with liability on the other, the unnamed principles; and this whether the agreement be or be not required to be in writing by the Statute of Frauds; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom on its face it purports to bind; but shows it also binds another, by reason that the act of the agent in signing the agreement, in pursuance of his authority, is in law the act of the principal. But on the other hand, to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement, which cannot be done. And this view of the law accords with the decisions, not merely as to bills of exchange signed by a person without stating his agency on the face of the bill, but as to other written contracts." This decision is in nowise in conflict with either the case of *Wyman vs. Gray*, 7 *H. & J.*, 409, or that of *Sumwalt vs. Ridgley*, 20 *Md.*, 107, in which it was held that in an action on a promissory note by the payee, the maker may always prove by parol the failure or want of consideration, and if the note be given for a debt of a third party it should, under the Statute of Frauds, show on its face a good consideration moving to the maker, and that it may be proved to have been given for a pre-existing debt of another. But at the time these decisions were made, *none of these facts* could be proved by the testimony of the maker himself, in any case, and since the passage of the Evidence Acts, they cannot be proved by such maker in a case where the payee in the note is dead, and suit is brought upon it by his administrator; and that is this case, and that is what was attempted to be done by this witness. In any view therefore we may take of it, there seems to be no doubt as

to his incompetency. It follows that the order of the Court below overruling the exceptions to and ratifying the auditor's account must be affirmed.

*Order affirmed, and*
*cause remanded.*

