SARAH J. S. TRAHERN, by her Husband and next friend, JAMES F. TRAHERN *vs.* AUGUSTUS W. COLBURN, Executor of SOPHIA E. STIMPSON.

*Prochein ami—Parties—Evidence Act—Competency of Witness—Practice.*

A *prochein ami* is not a party to the suit within the meaning of the clause of the evidence Act, which declares that where an original party to a contract or cause of action is dead, or where an executor or administrator is a party to the suit, neither party shall be admitted to testify on his own offer, or upon the call of his co-complainant or co-defendant otherwise than now by law allowed, unless a nominal party merely.

In an action against an executor by a married woman suing by her husband as her next friend, he is a competent witness in her behalf.

And the fact that he was directly interested in fixing a liability upon the estate of the deceased, because of his liability over to his wife in respect of the transactions as her agent, did not exclude him from testifying.

Where objection is made to an offer of evidence as a whole, the objection ought to be overruled, if any part of it be admissible.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court. Upon the demand of the defendant, the plaintiff furnished the following bill of particulars of her claim:

Estate of Sophia E. Stimpson,
                    To S. J. S. Trahern,          DR.
1868, To cash overpaid from the estate of
      James H. Stimpson, by error of Jas.
      Pennington, Esq., counsel............. $   750 00

             Amount carried forward......... $   750 00

|  |  |  |
|---|---|---|
| Amount brought forward....... $ | 750 | 00 |
| To cash paid one-third expenses to J. F. Trahern, 18 trips from Tazewell County to Baltimore, from 1870 to 1876, at an average of $100 per trip, | 600 | 00 |
| 1870, To cash paid for ground rent on store on Baltimore street, to George M. Gill.......................................... | 75 | 00 |
| 1871, To cash paid deceased, portion of taxes on Fayette street property........... | 100 | 00 |
| 1872, To cash expenses of deceased from Marion, Va., to Baltimore............. | 15 | 00 |
| 1873, To one-half taxes on farm in Virginia, | 47 | 73 |
| 1874, " " " | 37 | 84 |
| 1875, " " " | 35 | 21½ |
| 1873, To cash paid Smith, agent for Fitzgerald, ground rent on store on Baltimore street.............................. | 75 | 00 |
| 1874, To cash expenses of deceased from Wythe County, Virginia, to Tazewell County, Virginia.................. | 11 | 15 |
| 1874, April 11th, To one-half cash paid for clover seed for farm in Va., Wilson, Burns & Co.............................. | 12 | 16 |
| To cash, ⅓ expenses for examination of infringements of ice pitcher, in the worth of $800....................... | 266 | 66⅔ |
| 1872–'5, To cash, one-third expenses for eight visits of J. F. Trahern, agent, from Baltimore to Philadelphia and New York, at an average of $20 per visit, | 66 | 66⅔ |
|  | $2,092 | 42⅚ |
| 1876–'6, To cash paid one-half expenses in purchase and improvements on farm in Virginia, $560......... ............... | 280 | 00 |
| Amount carried forward......... | $2,372 | 42⅚ |

Trahern *vs.* Colburn, Ex'r.

| | | |
|---|---:|---:|
| Amount brought forward........ | $2,372 | 42⅚ |
| 1875–'6, To cash paid one-third expenses in Washington, during session of Congress, to get patent extended, $1,100. | 366 | 66⅔ |
| To one-half of my interest in ice pitcher patent, loaned to Sophia E. Stimpson, for her benefit during her life........ | 8,250 | 00 |
| | $10,989 | 09½ |

*Credits.*

| | | | | |
|---|---|---:|---:|---:|
| 1873. | | | | |
| Oct. 29.. By purchases made for me | $116 | 69 | | |
| 1874. | | | | |
| Sept. 5. " cash on account for me | 60 | 00 | | |
| " cash on bank of McKim & Co., for me............ | 75 | 00 | | |
| 1878. | | | | |
| Feby. 15. " cash on account for me | ‐60 | 00 | | |
| Mar. 16. " " " | 24 | 00 | | |
| | | | $ 335 | 69 |
| | | | $10,653 | 40½ |

*Exception.*—The plaintiff to sustain the issue joined on her part, offered to prove by James F. Trahern, a competent witness, and the person named in the bill of particulars and in these proceedings as next friend of the plaintiff, that Sophia E. Stimpson, the defendant's testatrix, stated to him, and to the plaintiff in his presence, at sundry times, and especially on the day before she died, that she owed the said plaintiff the sum of $750.00, the first item in the bill of particulars, because of an error in the adjustment of the account of the estate of her brother, James H. Stimpson, deceased. Also that said witness paid for or on account of said Sophia E. Stimpson, at her request, with moneys furnished him by the plaintiff for

that purpose, the second item in said bill of particulars. Also that said witness paid in like manner the next item of $75.00 for Sophia E. Stimpson, with moneys received from the plaintiff for that purpose, and that said Sophia E. Stimpson promised to repay the same. Also that witness paid in like manner, at the instance and request of said Sophia E. Stimpson, with moneys received from the plaintiff for that purpose, the fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh items of said bill of particulars. Also that the witness disbursed and paid out the sums specified in the twelfth, thirteenth, fourteenth and fifteenth items of said bill of particulars, in and about the business of said Sophia E. Stimpson, or in which she was interested jointly with one or more persons, the same having been obtained from and furnished by the plaintiff at the instance and request of the said Sophia E. Stimpson, and paid out and expended as above stated at her instance and request. Also that by arrangement between said plaintiff and said Sophia E. Stimpson, money in which they were jointly interested, was paid over to the said Sophia E. Stimpson, and that the amount so paid over to and received by said Sophia E. Stimpson, which belonged to and was the property of said plaintiff, constitutes and is the sixteenth item in said bill of particulars, and that said Sophia E. Stimpson in her life-time recognized and acknowledged the same and promised its repayment.

The defendant objected to the competency of the witness to testify and to the facts set forth in said offer, and the Court (PHELPS, J.,) sustained the objection.

The plaintiff excepted, and the verdict and judgment being against her she appealed.

The caused was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J.

*Henry Stockbridge*, for the appellant.

*J. J. Wade*, for the appellee.

MILLER, J., delivered the opinion of the Court.

This was an action of *assumpsit* brought in March, 1881, by Mrs. Trahern, a married woman, by her husband and next friend, James F. Trahern, against the executor of Sophia E. Stimpson, deceased, to recover a considerable amount of money, alleged to be due and owing to the plaintiff by the deceased in her life-time. The declaration contains the common counts, and on demand a bill of particulars was furnished setting out the several items of claim aggregating $10,653.40. The case was tried upon issues made up under the pleas of *non assumpsit*, limitations and *plene administravit*.

At the trial a single exception was taken. The plaintiff offered to prove by her husband and *prochein ami* the several items stated in the bill of particulars, and this offer is set out at length in the exception. The defendant objected to the competency of the witness to testify, "and to the facts set forth in said offer." The Court sustained this objection, and to this ruling the plaintiff excepted.

The objection to the competency of the witness is founded on that clause of our Evidence Act which makes an exception to its general provisions, and declares that where an original party to a contract or cause of action is dead, or where an executor or administrator is a party to the suit, neither party shall be admitted to testify on his own offer or upon the call of his co-complainant or co-defendant otherwise than now by law allowed, unless a nominal party merely. We are of opinion a *prochein ami* is not a party to the suit within the meaning of this clause. It is true he is responsible for costs, and competent to make a suggestion for the removal of the cause, but he is not a party to the suit in the technical sense of the term.

In contemplation of law he is considered an officer of the Court specially appointed by it to look after the interests of the party in whose behalf he acts, (though according to our practice no actual order making the appointment is ever passed), and it is competent for the Court to revoke his authority and remove him, and, if necessary, appoint another in his place. *Deford vs. State, use of Keyser, et al.,* 30 *Md.,* 179; *Balto. & Ohio R. R. Co. vs. Fitzpatrick,* 36 *Md.,* 619. In the English Evidence Act, (6 and 7 *Vict. ch.* 85,) which, like our statute removes the incapacity of witnesses on the ground of interest, there is a proviso, "that this Act shall not render competent any party to any suit, action, or proceeding, individually named in the record," and the case of *Sinclair vs. Sinclair,* 13 *Mees. & Wels.,* 640, which was an action of *assumpsit* by an infant who sued by his next friend and father, the question was directly presented, whether the *prochein ami* was competent to testify for the plaintiff, and the Court held that he could not be considered a party to the suit, and was competent to testify, the Act having removed all objection to his competency on the ground of *interest* in respect to his liability to costs, or any other liability that may attach to him as being the *prochein ami* in the suit. But it has been ingeniously argued that the offer is, among other things, to show by this witness that he was the agent of the deceased in disbursing the several sums of money claimed in the bill of particulars, and that, as she is now dead, it is not competent for him to prove the *contract of agency* between them. But in answer to this argument it is sufficient to say, that the contract of agency as between the witness and the deceased is not the contract upon which the suit is brought, and it has been expressly decided that that part of this clause which speaks of "an original party to a contract or cause of action," means the contract or cause of action which is *in issue and on trial.* *Wright, Executor of Wright vs. Gilbert, Executrix*

*of Gilbert,* 51 *Md.,* 157. In the case of *Standford vs. Horwitz, Adm'r of Davis,* 49 *Md.,* 525, the sole matter in controversy was whether a note secured by a mortgage was tainted with usury, and the witness was shown to be a party to and liable on this same note. He was therefore in fact a party to the contract in dispute, and was offered as a witness on the part of the party contending for the usury, to assail in part, the validity of this contract, the other party thereto being dead, and the Court very properly held that he was incompetent and came directly within this clause of the statute. Besides it was never doubted, before the passage of this Act, but that an agent was a competent witness to prove his own authority if it was by parol (1 *Greenlf. on Ev., sec.* 416,) in any case between third parties, whether his principal was alive and a party to the suit, or dead, and his personal representative a party; and it has always been held that the effect of this Act was not to render incompetent witnesses that were competent under the law as it previously stood, the chief object and purpose of the statute being to remove the incompetency of witnesses, not to impose additional restrictions. *Downes, Ex'r of Downes vs. Maryland and Delaware R. R. Co.,* 37 *Md.,* 104. The obvious answer also to the argument that the offer shows that the witness is directly interested in fixing this liability upon the estate of the testatrix, because he was liable over to his wife for every dollar of these claims, is that the statute has removed all objections to the *competency* of witnesses on the ground of interest.

If we assume that the other branch of the exception raises the question whether the testimony set out in the several parts of the offer is competent and admissible, or irrelevant and inadmissible, still the objection, going as it does to the whole, ought to have been overruled if any part of it was admissible. *Hatton vs. McClish,* 6 *Md.,* 407. And we cannot doubt but that a portion of it, at

least, was admissible.    For instance one part of the offer
is to prove by this witness that he disbursed and paid out
the sums specified in the 12th, 13th, 14th and 15th items
of the bill of particulars, in and about the business of
Sophia E. Stimpson, the same having been obtained from
and furnished by the plaintiff at the instance and request
of the said Sophia, and paid out and expended as above
stated at her instance and request. By this we understand
the offer to be to prove that Sophia E. Stimpson requested
the plaintiff to furnish this money to her, and that she
did so furnish it, and that it was disbursed by the witness
for these items also at the request of the said Sophia. We
can see no possible objection to the admissibility of this
testimony, and this dispenses with the necessity of con-
sidering the other parts of the offer.    In thus passing
over these other parts, we are not to be understood as in-
timating an opinion that the testimony they set out is
inadmissible.    That question can be more definitely pre-
sented on the new trial which must be awarded, as it fol-
lows from what we have said that there was error in the
ruling excepted to.

*Judgment reversed, and*<br>
*new trial awarded.*

(Decided 22nd January, 1885.)