PETER L. HOPPER, ET AL.,

*vs.*

ISRAEL B. BRODIE, RECEIVER.

*Pleading in equity: plea; effect of—; appeal from order over-*
*ruling—; equity jurisdiction; defendants in different*
*counties; section 88 of Article 16.*

In equity pleading a plea rests entirely upon the point by
which it is intended to prevent further proceedings.     p. 444

Where an appeal is only from the order of the lower court
overruling the plea, defects in the bill itself will not be con-
sidered.                                                 p. 444

Section 88 of Article 16, providing for chancery jurisdiction
where the defendants reside in different counties, or in a county
and the City of Baltimore, is applicable to all such cases in
equity, except where some special provision is made, as in sec-
tion 87, providing for the partition of real estate.     p. 445

*Decided March 13th, 1917.*

Appeal from the Circuit Court of Baltimore City.   (DAW-
KINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE,
THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.
JJ.

*John L. G. Lee* (with whom was *W. Irvine Cross* on the brief), for the appellants.

*Richard S. Culbreth* (with whom was *S. S. Field* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City, overruling special pleas of Peter L. Hopper and of the administrators of the estate of John N. Spencer. The bill was filed by the appellee who is receiver of the Atlantic Ice Company, a corporation incorporated under the laws of Maryland, having its principal office in Baltimore City, to ascertain and enforce for the benefit of said company the liability of its stockholders and to require them to contribute ratably, according to their liability and solvency, to the payment of its debts. The plea of Peter L. Hopper alleges, "That the Court has no jurisdiction over him in said suit, as he is a resident of Harford County, in the State of Maryland, and is not engaged in any business in Baltimore City," and the one of the administrators uses the same language, excepting he uses the plural instead of the singular number. Without deeming it necessary to discuss separately the form of the plea by the administrators, which only alleges that they reside in Harford County, and that they are not engaged in business in Baltimore City, and does not allege where they took out letters of administration, we will consider the pleas together. See sec. 148 of Art. 75 of Code as interpreted in *Bonaparte* v. *State,* 63 Md. 474.

The brief for the appellants refers at some length to the bill of complaint—pointing out what are alleged to be defects in it, but there was no demurrer to the bill, and such defects are not presented for our consideration by the pleas. "A plea rests entirely upon the point by which it is intended to prevent further proceedings." *Miller's Eq. Proc.* 182; *Bush* v. *Linthicum,* 59 Md. 344, 356. In this case the precise point

is whether a receiver of a domestic corporation can, in a bill for the enforcement of an alleged liability of stockholders, filed in a Baltimore City Court, join the appellants, who are residents of Harford County, with other stockholders, who are residents of Baltimore City.

The appellants rely on Art. 75, sec. 147, which is as follows: "No person shall be sued out of the county in which he resides until the sheriff or coroner of the county in which he resides shall have returned a *non est* on a summons issued in such county; * * * and provided further, that any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county, whether before a justice of the peace or in a Court of law or equity; this section not to apply to ejectment," and certain other actions mentioned.

Inasmuch as the pleas do not include the language, "or habitually engages in any avocation or employment in another county," or something equivalent to that, they are not technically correct, but regardless of that, it is clear that that section does not apply to this case. Section 88 of Article 16 provides that "Where defendants reside in different counties or in a county and the City of Baltimore, the Court where any one of the defendants resides shall have jurisdiction, and the bill or other proceedings may be filed or had in such Court." That section is under the sub-title "Jurisdiction," in the article entitled "Chancery." Language could not well be more comprehensive or clearer. It is applicable to all cases in equity in which the defendants reside in different counties or in a county and the City of Baltimore, except, of course, where some other special provision is made—such as we find in section 87 in case of partition, etc., that where the land lies wholly in one county or the City of Baltimore the proceedings must be in such county or city. In *Dorsey* v. *Omo,* 93 Md. 74, Judge McSherry considered at some length sections 72 and 76 of Art. 16 of Code of 1888 (sec-

tions 87 and 91 of that article in Annotated Code), and in holding that the Circuit Court for Prince George's County did not have jurisdiction to pass the decree against Mrs. Dorsey, who resided in Howard County, he several times referred to the fact that she was the *sole* defendant. Indeed, on page 80 he said the jurisdictional objection specifically raised in the answer was: "Has the Circuit Court for Prince George's County authority to pass a decree requiring Alverda S. Dorsey, who is a resident of Howard County *and the sole defendant in this case,* to assign the mortgage?" (Italics ours.) If there had been more than one defendant and one of them had resided in Prince George's County, then unquestionably the Circuit Court for that county would have had jurisdiction under sec. 73 of that Code (now sec. 88).

The pleas do not allege that none of the defendants reside in Baltimore City, and, although the bill does not state the residences in the prayer for process, as it should have done, the petition of the plaintiff asking that the hearing of the pleas be advanced does state that the other seven defendants do reside in Baltimore City and have answered the bill. Indeed, the answers of six of them are in the Record, as are the docket entries, which show that all were summoned, and it was not denied that some of them do live in the city. We can then have no doubt about the correctness of the order of the lower Court. It was eminently proper that the appellee should file the bill in Baltimore City.

The pleas are to the whole bill, and were intended to raise the question of the right of the appellee to proceed against the appellants in Baltimore City. As the question was not raised by the appellee, we have not thought it necessary to review the decisions of this Court and determine whether an immediate appeal can be taken from the ruling on such a plea in equity, and will affirm the order.

*Order affirmed, the appellants to pay the costs.*