# GEORGE FORBES

*vs.*

# EMLEN T. LITTELL, INDIVIDUALLY AND AS EXECUTOR.

*Sale of Decedent's Land—Direction to Executor.*

If executors, directed by the will to sell testator's land, fail to comply with such direction, any party in interest may proceed, under Code, Art. 16, sec. 94, to bring about a sale.     p. 215

If the necessary parties are before the court, and the court has jurisdiction of the subject-matter, mere irregularities in the proceeding are not sufficient grounds for setting aside the sale.

p. 215

*Decided March 15th, 1921.*

Appeal from the Circuit Court for Howard County, In Equity (MOSS, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John Phelps*, with whom was *Henry L. Wortche* on the brief, for the appellant, purchaser and exceptant.

*Edwin J. Farber* and *Francis Key Murray*, with whom was *Dulany C. Higinbotham* on the brief, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the court.

The above entitled case was first before this Court at the January term, 1920. It came here upon a demurrer to the bill of complaint. The effect of the demurrer was to admit all matters properly pleaded. Among the allegations of the bill at that time was one to the effect that all the parties in interest were parties to the proceeding. No proof was taken and the cases proceeded to a decree.

The theory of that bill was that the parties to the suit were tenants in common and, when such is the relation of the parties and all are adults, a decree has frequently been upheld without proof.

After the decision of that case and its remand, answers were filed and the case proceeded to a decree, but it appeared from the testimony there given that there were certain infant parties who might be parties in interest but who were not parties to the case.

After the sale had been made and reported to the Circuit Court for Howard County, the purchaser filed exceptions on various grounds. One and the most serious of these grounds of objection lay in the fact of the existence of minors having at least a potential interest in the property who were not parties to the proceeding. By the exceptions, the jurisdiction of the Circuit Court to pass the decree was assailed, and this is the first and most important of the exceptions.

The clauses of the will of Elizabeth Duvall Littell involved in the present controversy are the second and fifth which are as follows:

> "Second: I give, devise and bequeath all my real and personal estate of whatever nature, and wheresoever situate one-third thereof to my son, William J. Littell, one-third thereof to my son, Emlen T. Littell, and one-third thereof to Frank Moss and Tompkins McIlvaine and the survivor of them, in trust, nevertheless, to hold the same during the life of my daughter, Elizabeth Du Val Littell, and to receive the rents, issues, income and profits thereof, and to pay the net income thereof to my said daughter *during her life. On the death of my said daughter, I give, devise and bequeath said last mentioned one-third share of my estate, in equal shares to her issue.* In case my said daughter shall die leaving no issue her surviving, then and in that event, I give, devise and bequeath said last mentioned share to my said sons hereinbefore mentioned, in equal shares *or to their children, in case my said sons or either of them shall then be dead,* the issue

of any deceased child to take in equal shares the share
of the parent.   And I make a like disposition of said
last mentioned shares in case my said daughter shall
die *before me* leaving no issue."

"Fifth: It is my wish that if a sale of my real estate
and especially of my country seat known as 'Tutbury,'
Howard County, Maryland, can be had without loss to
my estate, that the same be sold as soon after my death
as may be, and I therefore authorize and empower my
executors and the survivor of them to sell at any time
or times during my said daughter's lifetime at public
or private sale and either for cash or for part cash and
part secured by a purchase money bond and mortgage
upon such terms and in such manner as they shall
deem best, my country seat and all other or part of my
said real estate.   In case my said executors shall not
be able to effect a sale of all or any part of my said
real estate I authorize and empower my trustees and
the survivor of them in their or his discretion to join
my said sons, or my said sons' heirs, executors and ad-
ministrators or assigns, in a voluntary partition of such
real estate or part thereof.   I authorize and empower
my said trustees and the survivor of them to mortgage
any part or all of the portion of my real estate herein
directed to be held in trust by them for my said daugh-
ter in the interests of any particular part thereof or
for the benefit of said portion generally or for the pur-
pose of making the advance hereinafter mentioned, be
the same held by them or him either severally or in
common with my said sons or my said sons' heirs, ex-
ecutors, administrators or assigns, whenever they or he
shall deem it best so to do for the interests of my said
daughter."

There can be no question that under the will of Mrs. Eliza-
beth Duvall Littell there was created a contingent remainder
or remainders in the country property of Mrs. Littell known
as "Tutbury."

From the form of the bill it is not entirely clear whether the idea of the draughtsman was to proceed under Sections 137, 228 or 94 of Article 16 of the Code, but be that as it may, the bill cannot be treated as filed under Section 137, which requires that the parties interested in the property shall be either joint tenants, tenants in common or a parcener or concurrent owner, as this section has been held not to apply where the parties do not hold separate or concurrent interests, such as a life interest and reversion (*Gill* v. *Wells,* 59 Md. 499; *Roche* v. *Waters,* 72 Md. 269), and in these cases it is said that under this section jurisdiction to enter a decree does not exist. In *Ball* v. *Safe Deposit Co.,* 92 Md. 507, it was held by this Court that the jurisdiction of a court of equity under Section 228 rested upon the concurrence of two conditions precedent, viz: that the parties to the proceeding are all the parties in interest and in being who would be entitled if the contingency named in the will had happened at the date of the decree, and second, that the sale must be made to appear to the advantage of the parties concerned.

This language includes the infants as well as the adults who may be interested in the sale of the particular property, and if these conditions are not complied with at the date of the decree, the court is without jurisdiction to decree a sale.

If the decree in this case is to be supported at all it must be under the provisions of Section 94 of Article 16, which reads:

"Where any person dies and leaves real or personal property to be sold for the payment of debts, or other purposes, and shall not appoint any person to sell and convey the same, or if the person appointed dies, or neglects or refuses to execute such trust, the court, upon the petition of any person interested in the sale of such property, may appoint a trustee to sell and convey the same, and apply the money arising from the sale to the purposes intended."

In the fifth clause of the will, after expressing the wish that the property known as "Tutbury," shall be sold as soon

after her death as may be, she authorizes and empowers her executors, and the survivor of them, to sell at any time during her daughter's life the said property. This amounts to an express authorization and direction to sell the property known as "Tutbury." Exercise of this power is thus conferred upon the executors and not upon the trustees, and through a lapse of eighteen years there has apparently been no attempt to exercise the power.

It is, therefore, a subsisting power in the executors for which the intervention of the trustee was unnecessary; the trustees, in the event of no sale being made by the executors, are authorized to join with the sons of the testatrix, or their heirs, in a voluntary partition of the real estate. This has also never been done.

The executors not having exercised the power conferred on them, it was entirely competent for any party in interest to proceed under Section 94 to bring about a sale. This is not strictly the case of a concurrent jurisdiction to direct a sale by either the Orphans' Court of or the Circuit Court for Howard County, for the reason that in the one case the power of sale is derived from the will, and in the other it arises from the decree, and therefore such cases as *Noble* v. *Birnie,* 105 Md. 80; *Wright* v. *Williams,* 93 Md. 69; *Sloan* v. *Safe Dep. & T. Co.,* 73 Md. 245, are not directly in point.

In a proceeding by the executors under a power such as that contained in Mrs. Littell's will, the only necessary parties are the executors, in order to enable the will to be executed according to the testatrix's direction. That there were many irregularities in the proceeding is very evident, but only the one noted goes to the jurisdiction of the court, and it has been held, in a number of cases, that where the only question is one which deals with irregularities, if the necessary parties are before the court, and the court has jurisdiction of the subject matter of the trust, that these irregularities are not sufficient ground for setting aside a sale. *Newbold* v. *Schlens,* 66 Md. 585; *Slingluff* v. *Stanley,* 66 Md. 220.

Opinion of the Court.

The question was raised at the hearing, and was referred to in briefs of counsel, as to the effect of the will of Wm. G. Jackson, the ancestor of Elizabeth D. Littell. The will in question was without witnesses and was a holographic will. It is not essential to the decision of this case to pass upon the question thus raised. The will was admitted to probate by the Orphans' Court, and the order admitting it was not appealed from, and the time has long passed within which such appeal could have been taken. In addition to this, the present suggestion of the invalidity of the will, owing to the lack of witnesses, is a collateral attack upon the will instead of a direct proceeding, but the effect of those facts need not be determined, as whether Mrs. Littell took the property by virtue of the will or by inheritance is immaterial, since there can be no question that the entire property had become vested in Mrs. Littell at the time when she made the will.

*Order affirmed, with costs.*

---

After the filing of the opinion in the above entitled case, the appellant filed a motion for a modification of the orders relative to costs in the cases as to be passed in the final decree, to which an answer was filed for the appellee, and said petition and answer having been by the court read and considered, it was ordered by the Court, on the 15th day of April, 1921, that said opinion be modified with regard to the matter of costs and that the same be payable and paid out of the estate, and that, in the final order to be signed, a modification be made accordingly.