OLIVE E. EHRHART *v.* BOARD OF EDUCATION OF CARROLL COUNTY

[No. 98, October Term, 1935.]

*Decided January 16th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, SHEHAN and JOHNSON, JJ.

*D. Eugene Walsh* and *Hall Hammond,* with whom was *William M. Storm* on the brief, for the appellant.

*John Wood* and *Theodore F. Brown,* with whom were *Charles O. Clemson* and *A. Earl Shipley* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

Olive E. Ehrhart, a public school teacher of Carroll County, Maryland, brought suit against the board of

education of that county for alleged breach of contract on the part of the defendant below in wrongfully refusing to permit her to continue in its employ as a teacher. The case was tried before the court sitting as a jury, whose verdict was in favor of appellant for nominal damages only, in consequence of which, under section 14 of article 26 of the Code, a judgment of *non pros.* was entered. From this judgment the present appeal is taken by plaintiff below.

The action of the trial court in rejecting the one prayer submitted by appellant constitutes the only exception taken by her during the trial. This prayer concluded with her right to recover, provided the court, sitting as a jury, found the existence of other facts stated therein, but contained no guide as to the measure of damages in event of a verdict in appellant's favor, nor was any instruction as to the measure of damages granted at the request of appellee. However, the verdict was in appellant's favor and it becomes unnecessary to pass upon the instruction thus submitted by her, for even though proper, the error in its refusal presents no ground for reversal, since there was no injury. *Meyer v. Frenkil,* 116 Md. 411, 82 A. 208; *Tittlebaum v. Pennsylvania Railroad Co.,* 167 Md. 397, 174 A. 89.

Nor can this court review the action of the trial court, sitting as a jury, in respect to the amount of damages awarded by it; this being purely a matter for the determination of the court, sitting as a jury, and entirely disconnected with any question of law. *Eurich v. General Casualty Co.,* 152 Md. 209, 210, 136 A. 546.

Since the judgment appealed from must be affirmed, it becomes unnecessary to pass upon the exceptions taken by appellee, as contemplated in certain cases under article 11, section 84, Code Public Local Laws, Frederick County. *Zihlman v. Cumberland Glass Co.,* 74 Md. 303, 22 A. 271; *Valley Savings Bank v. Mercer,* 97 Md. 458, 475, 55 A. 435; *Mister v. Thomas,* 122 Md. 445, 89 A. 844.

*Judgment affirmed, with costs to appellee.*