ALLERS, TRUSTEE ET AL. *v.* LEITCH, EXECUTOR

[No. 195, October Term, 1956.]

*Decided May 3, 1957.*

*Concurring opinion of* PRESCOTT, J., *filed May 14, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HAMMOND and PRESCOTT, JJ., and FLOYD J. KINTNER, Associate Judge, Second Judicial Circuit, specially assigned.

*Arold H. Ripperger,* for appellants.

*Joseph Loeffler,* with whom was *Harry E. Goertz* on the brief, for appellee.

KINTNER, J., by special assignment, delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court of Baltimore City dismissing the appellants' second amended bill of complaint. The bill seeks to impress a trust on money in the hands of an executor. The facts are not in dispute and will now be briefly stated.

On November 28, 1944, Dorothea Louise Waidner opened a savings account of her own money in the Savings Bank of Baltimore with an initial deposit of $7,148.10. The form of the account was "Dorothea Louise Waidner in trust for self and Harry W. Allers (nephew) joint owners, subject to the order of either, the balance at death of either to belong to the survivor." Over the next nine years no additional deposits were made; semi-annual interest was credited to the account and on twelve occasions Mrs. Waidner made withdrawals, usually in the exact amounts of the added interest. On November 12, 1953, she withdrew the then balance of $7,344.53, thus closing the account.

On December 14, 1954, Mrs. Waidner died. She was a widow and left no descendants. Her last will and testament dated November 17, 1953, was admitted to probate by the Orphans' Court of Baltimore City on December 21, 1954,

and letters testamentary thereon were granted to Stephen W. Leitch, the executor named therein, who is the appellee here.

Mrs. Waidner had previously made a will dated June 27, 1947, a first codicil thereto dated June 29, 1948, a second codicil dated October 19, 1950, and a third codicil dated July 16, 1952. None of these instruments was offered for probate. For the purposes of this case we need only note the last paragraph of the third codicil. It is as follows: "I hereby reaffirm the gift [of] the remainder of my deposit in the Savings Bank of Baltimore to Harry W. Allers, as guardian of his children."

At this point it will be necessary to consider the admissibility of a deposition of Harry W. Allers offered in evidence and, upon objection, excluded by the Chancellor. Allers is a nephew' of Mrs. Waidner's deceased husband and had acted as her attorney until they had a disagreement in July 1953, the cause of which is unimportant. It will not be necessary to narrate the other testimony in the deposition, for we have determined that it is barred by Article 35, Section 3, Code 1951 (the Evidence Act).

The suit is against an executor and a decree might be rendered against him. The deponent is a party plaintiff, first as next friend of his minor children, and secondly as their trustee. The whole deposition is a recital of the transaction between the deponent and the deceased whereby he contends that she agreed to the establishment of the alleged trust.

The argument of the appellant that testimony of a nominal party is admissible is based on the misapprehension of the cases of *Trahern v. Colburn,* 63 Md. 99, and *Johnson v. Johnson,* 105 Md. 81. The former case was decided in 1885 at which time the Act of 1876, Ch. 222 was in effect. That Act expressly excepted a mere nominal party from its operation. The present law as changed by Ch. 661, Acts of 1904 does not except nominal parties from its operation. The *Johnson* case also is inapplicable for two reasons: first, it was a caveat case in which the court's final action would not be a judgment or decree for or against an executor, as specified by the Act, but findings by the jury on issues from the Orphans' Court. There is a second reason why the testi-

mony of Mrs. Johnson as next friend of her children was admissible. The issue in the case was whether her late husband had an insane delusion as to the legitimacy of his children. Her testimony concerned his mental state or condition in that respect.

The *Johnson* case was decided in 1907. In 1906 the case of *Smith v. Humphreys*, 104 Md. 285, was decided. Judge Boyd pointed out that the Act of 1904 excludes the testimony of nominal parties. He also made it clear that not all testimony of a party is excluded, but only that concerning transactions had with, or statements made by, the testator. Basically therefore there is no conflict between these cases, although the *Johnson* case does not cite the *Smith* case.

We hold therefore that Allers as next friend was incompetent to testify concerning transactions had with Mrs. Waidner. The appellant concedes that as trustee he would be incompetent. It will therefore not be necessary to labor this point; but we agree that a trustee has such interest as to make him incompetent.

We come now to consider the effect of the last paragraph of the third codicil quoted above. Does it "freeze" the then balance in the savings account as of its date (July 16, 1952)? Does it cancel, annul and strike out from the bank deposit the words "subject to the order of either"? This is a question of the construction of these two instruments in order to ascertain the intention of Mrs. Waidner. While the codicil is not in the case as a testamentary paper, its form is such. It is therefore important, we think, to consider whether Mrs. Waidner believed she was executing a paper which could take effect only at her death. She must have known it very well, for this was at least the third time she had made testamentary changes, and in this instance she was changing not only her will, but each of the two preceding codicils. Further than that, she made a new will on November 17, 1953 which revoked all of her previous testamentary acts. Under these circumstances it is impossible to believe that by the third codicil Mrs. Waidner meant to set up an irrevocable trust for the children of Harry W. Allers. This conclusion is supported by the form of the bank deposit, which presumably

she knew she could withdraw at any time on her sole signature. She had already made six such withdrawals of interest before the third codicil was executed and made six more afterward.

It is argued that her withdrawals of interest only is evidence that she had dedicated and set aside the principal as a completed gift or trust. But this is an equivocal act. It could as well mean that Mrs. Waidner was a thrifty woman and meant to live within her income.

The appellant cites *Gardner v. Merritt*, 32 Md. 78, in which it was held that there was a completed gift of a bank account. Five accounts in the names of five children were opened by their grandmother, subject to her order or the order of her daughter. The mother of the children was dead. Testimony in the case showed a plan of the grandmother to effect an equal division of her estate among her children and by these deposits give the grandchildren what their deceased mother would otherwise have received. The grandmother died not having made any withdrawals. The deposits were claimed by her executrix; but the Court held it was a perfected gift. The facts of this case are entirely different from the instant case.

The deposit in the present case was in the precise language used in the case of *Milholland v. Whalen*, 89 Md. 212. The holding in that case was that the declaration of a trust constituted a completed gift; that retention of the bank book by the donor did not defeat the gift because such possession was that of the trustee; and that the power of revocation did not defeat the gift. In that case the donor died not having revoked. Subsequent cases have upheld the right of the donor to revoke the trust. *Schaefer v. Spear*, 148 Md. 620; *Bollack v. Bollack*, 169 Md. 407; *Mushaw v. Mushaw*, 183 Md. 511.

We hold that Mrs. Waidner had the right to withdraw the balance of the account and having done so, the appellant takes nothing.

For these reasons the decree appealed from must be affirmed.

*Decree affirmed, with costs.*

PRESCOTT, J., filed the following concurring opinion.

In this suit, the appellant, plaintiff below, entered suit in dual capacities: one, as trustee of an alleged trust; and two, as next friend of his minor children. The suit was instituted against an executor, and the appellant had made a deposition which contained statements made by, and transactions that he had had with, the testatrix; and this deposition was offered into evidence at the trial. Seasonable objection having been made thereto, under the provisions of sec. 3 of Art. 35 of the Code the court declined to admit the deposition into evidence. The appellant *conceded* that a *trustee* is such a party to a cause as to render inadmissible the trustee's testimony under the above section; but argued, that because he brought suit also as a next friend, it was admissible. The majority opinion decided the question of the admissibility of the deposition by determining whether or not one who sues as a next friend is such a party to the suit as to come within the terms of the above named section. The appellant conceded that he was barred from giving evidence as a result of his being a trustee, and it is axiomatic that by simply joining himself as co-plaintiff as a next friend, he could not lift that bar. Consequently, that portion of the opinion that decided that evidence given by a party who is acting as a next friend is excluded by the statute clearly seems unnecessary for a final and proper determination of the case, and purely advisory in nature. Ordinarily, appellate courts do not do this. The general rule, subject to certain exceptions, is well stated in 5 *C. J. S., Appeal and Error,* par. 1455 as follows: "Appellate Courts will generally not decide questions, such as abstract, moot, or academic questions, not directly involved in an appeal or not necessary or material to the determination of the cause, or questions the decision of which would not affect the result. * * *" See also *Hopper v. Brodie,* 130 Md. 443, 444, 100 A. 644; *Safe Dep. & Tr. Co. v. Balto. City,* 135 Md. 54, 107 A. 581; *Forbes v. Littell,* 138 Md. 211, 216, 114 A. 55; *Ehrhart v. Board,* 169 Md. 668, 182 A. 424; *Davis v. State,* 183 Md. 385, 389, 390, 37 A. 2d 880; *Staley v. Safe Dep. & Tr. Co.,* 189 Md. 447, 457, 56 A. 2d 144.

With this exception, I fully concur in the opinion.