ALBAN TRACTOR COMPANY, INC. *v.* MARLENE
BOLLACK, Personal Representative of the
Estate of Frank Siejack

[No. 596, September Term, 1979.]

*Decided February 11, 1980.*

The cause was argued before Liss, MacDaniel and Weant, JJ.

*Charles Cahn, II,* with whom was *Joel C. Richmond* on the brief, for appellant.

No appearance for appellee.

Liss, J., delivered the opinion of the Court.

Alban Tractor Company, Inc., appellant, (hereinafter, Alban) sued Marlene Bollack, personal representative of the estate of Frank Siejack, appellee (hereinafter, Bollack), in

the Circuit Court for Howard County. The action commenced on February 26, 1979 by the filing of a declaration, a motion for summary judgment, an affidavit and exhibits by Alban against Bollack in her capacity as personal representative of Siejack, deceased. The declaration was predicated upon a claim for monies due Alban for services provided and merchandise sold to the decedent.

Bollack, in response to the declaration filed a motion raising preliminary objection pursuant to Maryland Rule 323 a 6. Alban filed a reply in opposition to Bollack's motion and a hearing was held. Following argument by counsel the hearing judge granted Bollack's motion and ordered a judgment of *non pros* in favor of the defendant. A timely appeal was noted by Alban.

The following issues are presented by this appeal:

1. Whether the filing of a claim in a decedent's estate is an action as defined in the Maryland Rules, and therefore is a bar to the commencement of a suit against the estate.

2. Whether a personal representative may be sued in the county where he resides when the estate is opened in a different county.

1.

Appellant, in its declaration, alleged that in the period between June 30, 1978 and August 17, 1978, it provided services and sold merchandise on open account to Frank Siejack doing business as Siejack Construction Co. Siejack died on August 25, 1978. Appellant contends that on that date the balance due it was $14,303.68. An estate was opened on behalf of Siejack in the Orphans' Court of Queen Anne's County on September 6, 1978, and Bollack was named as personal representative of the deceased. Bollack is a resident of Howard County. On October 19, 1978, appellant filed a claim against the decedent's estate by notifying the Register of Wills of Queen Anne's County. On December 5, 1978, a copy of the appellant's claim was mailed to the personal representative. On March 5, 1979, appellant entered suit

against Bollack in the Circuit Court for Howard County seeking judgment for the amount alleged to be in the Orphans' Court claim. Appellee's motion raising preliminary objection was based on the ground that there was a similar action involving the same parties and the same cause pending before the Queen Anne's Orphans' Court. Although the appellee's motion did not raise the issue of venue, Bollack argued that there was improper venue because the suit was not filed in Queen Anne's County. At the conclusion of the motions hearing the judge ruled that Alban was barred from bringing its suit in Howard County because it had filed a claim in the Orphans' Court for Queen Anne's County.

Md. Code (1974), Estates and Trusts Article, Section 8-104 provides three alternative methods by which creditors may present their claims against an estate. Subsection (b) allows a claimant to deliver or mail to the personal representative a verified written statement indicating the basis of the claim, the name and address of the claimant and the amount claimed. The claimant may also file a written statement of his claim, in the form prescribed by Subsection (c), with the Register of Wills and deliver or mail a copy of the claim to the personal representative. Or the claimant may commence an action against the estate provided the action is instituted within the time limit for the filing of claims.

Rule 5 a defines "action" as including all of the steps by which a party seeks to enforce any right in a court of law or equity. The Orphans' Court in this state is a court of special limited jurisdiction and does not sit in equity or at law. Code (1974), Estates and Trusts Article, Section 2-102; *Crandall v. Crandall*, 218 Md. 598, 147 A.2d 754 (1959).

While there are no decisions by our Court of Appeals which are dispositive of the issue as to whether the filing of a claim in a decedent's estate is an action which bars other suit against the estate, a perusal of the Uniform Probate Code (1969) from which Section 8-104 of our Estates and Trusts Article was drawn, discloses the following comment to Section 3-804 of the Uniform Probate Code:

> The filing of a claim with the probate court . . . does not serve to initiate a proceeding concerning the

claim. Rather, it serves merely to protect the claimant who may anticipate some need for evidence to show that his claim is not barred. The probate court acts simply as a depository of the statement of claim. . . .

It is clear, then, in view of Sections 8-104 and 2-102 of the Estates and Trusts Article read in conjunction with Section 3-804 of the Uniform Probate Code that a claim presented in the Orphans' Court is not an action as contemplated by Rule 5 a or Rule 323 a 6.

2.

The trial court after holding that a claim filed in a decedent's estate is not an action as defined by Rule 5 a next considered the question of venue. Appellant urges that the issue of venue was not before the court because appellee failed to raise that issue in her motion raising preliminary objection. The defense of improper venue must be filed before any other pleading is filed and unless so filed is deemed to have been waived. Rule 323 b. Rule 321 provides that a motion shall be in writing and state concisely the question the court is called upon to determine. Our examination of the motion raising preliminary objection convinces us that appellee failed to raise the issue of venue. While appellee moved in her motion raising preliminary objection for a judgment of *non pros* pursuant to Rule 323 a 6, the only ground given by her under that portion of the Rule "is that there is another action by the same parties for the same cause pending before the Orphans' Court for Queen Anne's County." This language is obviously insufficient to have raised the issue of venue which was submitted to the trial judge for the first time at argument.

Even if, *arguendo,* we consider that venue was not waived by the failure to raise the issue properly by the appellee, we still conclude that the trial judge was incorrect in holding that venue was vested exclusively in the county where the estate of the deceased was being administered. In *Turk v. Grossman,* 176 Md. 644, 673, 6 A.2d 639 (1939), the Court of

Appeals, deriving its authority from then valid Article 75, Section 158 of the Annotated Code of Maryland (1939), held that an executor or administrator "may be sued either in the county where he resides or where he obtained administration." *See also Hopper v. Brodie,* 130 Md. 443, 444, 100 A. 644 (1917).

In *Leonard v. Wharton,* 268 F. Supp. 715 (1967), the United States District Court of Maryland had before it a wrongful death action involving a South Carolina resident who was the administrator for the deceased. The court stated that for venue purposes the residence of an executor or administrator is his personal residence. *See Doyle v. Loring,* 107 F.2d 337 (6th Cir. 1939); *Tiernan v. Westext Transport, Inc.,* 243 F. Supp. 566 (S.D.N.Y. 1965).

Article 75, Section 158 has since been superseded by the general venue provisions now codified in Code (1974), Courts and Judicial Proceedings Article, Section 6-201, which provides in pertinent part that: "Subject to the provisions of Sections 6-202 and 6-203 and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides. . . ." Section 6-201 applies to a civil action brought against a personal representative or executor who resides in a county other than the county where the estate is being administered. We express no opinion as to whether, alternatively, the same action could be brought in the jurisdiction where the estate is being administered as this issue is not presently before us. We conclude the trial judge was clearly erroneous in dismissing the action filed where the administrator resided. Rule 1086.

> *Judgment reversed, costs to be paid*
> *by appellee.*